## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS


TONY T. CALDWELL,

                          Petitioner,

          v.                                    CASE NO. 10-3004-SAC

JON S. WOMACK, et al.,

                          Respondents.



### O R D E R

This matter is before the court on a pro se pleading the court liberally construes as seeking a writ of habeas corpus under 28 U.S.C. § 2241, submitted by a pretrial detainee confined since July 2009 on criminal charges pending before the Sedgwick County District Court.

Petitioner cites the withdrawal of his retained attorney (Jon Womack) in December 2009, and apparently fears Womack might disclose confidential attorney client communications to the prosecutor. Petitioner generally contends Womack failed to provide adequate legal representation, and claims the Sedgwick County judge jeopardized the fairness of petitioner's criminal proceeding by granting Womack's motion to withdraw.

Although § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. Capps v. Sullivan, 13 F.3d 350, 354 n. 2 (10th Cir. 1993); see also Younger v. Harris, 401 U.S. 37 (1971). As explained

in Younger, the abstention doctrine is based on notions of comity and federalism, which require federal courts to respect state functions and the independent operation of state legal systems. Younger, 401 U.S. at 44-45. The Younger doctrine provides that a federal court should not intervene in state criminal prosecutions begun prior to the institution of a federal suit when the state court proceedings: (1) are ongoing, (2) implicate important state interests, and (3) offer an adequate opportunity to hear federal constitutional claims. Winnebago Tribe of Nebraska v. Stovall, 341 F.3d 1202, 1204 (10th Cir. 2003). All three requirements appear to be fully satisfied in the present case, and no exception to the abstention mandate is warranted on plaintiff's bare and conclusory claims of judicial misconduct and bad faith.

## NOTICE AND SHOW CAUSE ORDER TO PLAINTIFF

The court thus directs plaintiff to show cause why this action should not be dismissed without prejudice pursuant to the Younger abstention doctrine. The failure to file a timely response may result in this action being so construed and dismissed without prejudice, without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the petition should not be dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: This 26th day of January 2010 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

2