IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


TONY T. CALDWELL,

                    Petitioner,

        v.                                CASE NO. 10-3004-SAC

JON S. WOMACK, et al.,

                    Respondents.



O R D E R

Petitioner proceeds pro se on a pleading liberally construed as seeking habeas corpus relief under 28 U.S.C. § 2241, on allegations of potential constitutional violations in petitioner's pending prosecution on state criminal charges.

In this matter, petitioner voices concerns about the withdrawal of his court appointed attorney, about possible violations of the attorney-client privilege, and about the fairness of the prosecutor and state court judge. The court reviewed the petition and directed petitioner to show cause why the instant federal habeas action should not be dismissed without prejudice pursuant to the abstention doctrine <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

In response, petitioner moves to "refile again under the Double Jeopardy Clause," and appears to seek dismissal of his pending state criminal charges with prejudice. (Doc. 6, p.1.) As in his original pleading, petitioner's claim(s) and argument are difficult to discern. Petitioner now appears to allege the pending criminal charges against him are multiplicitous, and seeks application of the "Thompson procedure" which appears to reference a Ninth Circuit

case in which the defendant alleged misconduct by the prosecutor in advancing inconsistent theories.[1]

Petitioner's request to "refile" is liberally construed as an amendment of the petition to advance a constitutional double jeopardy claim in the charging of his state criminal offenses. None the less, the court remains convinced that petitioner can and should first present his claims to the state courts, and that petitioner has not demonstrated any basis for this court to intervene in petitioner's state court proceeding. Thus for the reasons stated herein and in the show cause order entered on January 26, 2010, the court concludes this matter should be dismissed pursuant to the <u>Younger</u> abstention doctrine.

IT IS THEREFORE ORDERED that the petition for habeas corpus relief, as amended by petitioner, is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: This 16th day of February 2010 at Topeka, Kansas.


  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[1]*See* <u>Thompson v. Calderon</u>, 120 F.3d 1045, 1058 (9th Cir. 1997)(en banc), *rev'd on other grounds*, 523 U.S. 538 (1998) (stating "it is well established that when no new significant evidence comes to light a prosecutor cannot, in order to convict two defendants at separate trials, offer inconsistent theories and facts regarding the same crime")